UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| JOHN DAVID WHITE, | ) |
| Plaintiff, | ) Civil No. 0:21-008-HRW |
| v. | ) |
| ASHLAND FEDERAL CORRECTIONAL INSTITUTION, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John David White is an inmate at the Federal Correctional Institution (FCI) in Ashland, Kentucky. Proceeding without an attorney, White filed a civil rights complaint [D. E. No. 1], which was recently transferred to this Court [D. E. No. 3]. White's complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss White's claims.

According to White, officials at FCI – Ashland wrote up an incident report in July 2020, charging him with "interfering with a staff member in the performance of duties" and "insolence towards a staff member." [D. E. No. 1 at 3; No. 1-2 at 1]. White, however, disputed the allegations against him and denied the charges. [*See id.*]. A discipline hearing officer (DHO) held a hearing, reviewed the evidence, and

1

determined that White did not commit a prohibited act. [*See* D. E. No. 1-2 at 4]. Thus, the DHO expunged the charge against White. [*See id.*].

Nevertheless, White went ahead and filed his civil rights complaint in this case. [D. E. No. 1]. White lists "Ashland FCI" as the sole defendant [*see id.* at 1], and he requests "to be granted compassionate release…under 18 U.S.C. § 3582(c)(1)(A)," seeks relief from a judgment on a motion to vacate that he filed in his underlying criminal case pursuant to 28 U.S.C. § 2255, and requests $1.5 million in damages. [D. E. No. 1 at 5].

White's various claims are unavailing. As an initial matter, it does not appear that White is actually challenging the results of his disciplinary hearing given that the DHO apparently ruled in his favor and expunged the charges against him. Moreover, even if White was challenging the results of a disciplinary hearing, he would have to do so via a habeas petition filed pursuant to 28 U.S.C. § 2241, not his present civil rights complaint.

White's request for compassionate release is also improper in this action, as is his request for relief from the judgment on his § 2255 motion. Those requests must be made directly to the Court that sentenced White, not this Court. *See Woods v. Bureau of Prisons*, No. 0:20-cv-115-KKC, at D. E. No. 5 at 5 (E.D. Ky. 2020).

Finally, while White says that he is seeking $1.5 million in damages, the only named defendant—"Ashland FCI"—is simply not an entity capable of being sued

2

for money damages. Thus, the Court will dismiss that claim pursuant to 28 U.S.C. § 1915A(b)(2).

Accordingly, it is **ORDERED** that:

1. To the extent that White is attempting to challenge the results of a disciplinary hearing, that claim is **DISMISSED** without prejudice to his right to pursue the claim via a habeas petition filed pursuant to 28 U.S.C. § 2241.

2. White's request for compassionate release is **DISMISSED** without prejudice to his right to pursue his claim with the Court that sentenced him.

3. White's request for relief from the judgment on his motion to vacate is also **DISMISSED** without prejudice to his right to pursue his claim with the Court that sentenced him.

4. White's claim for monetary relief against "Ashland FCI" is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(2).

5. This action is **STRICKEN** from the Court's docket.

6. All pending motions are **DENIED** as moot.

7. The Court will enter a corresponding Judgment.

This 20th day of January, 2021.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**